**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JIMMY HOLLINS, # M-26980, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 14-cv-00795-MJR** |
| | ) | |
| S. A. GODINEZ, | ) | |
| THOMAS A. SPILLER, | ) | |
| VIPIN K. SHAH, | ) | |
| and ANGEL RECTOR, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

Plaintiff Jimmy Hollins, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action *pro se* for alleged violations of his constitutional rights under 42 U.S.C. § 1983 (Doc. 1).  According to the complaint, Plaintiff underwent two unsuccessful brain surgeries in 2012, before being transferred to Pinckneyville in early 2013 (Doc. 1, p. 6).  Plaintiff claims that Pinckneyville officials have denied him of virtually all access to medical care since his transfer.  He now sues four defendants, including S. A. Godinez (Illinois Department of Corrections' ("IDOC") director), Thomas Spiller (Pinckneyville warden), Vipin Shah (Pinckneyville medical director), and Angel Rector (Pinckneyville nurse practitioner), for exhibiting deliberate indifference to his medical needs in violation of the Eighth Amendment (Doc. 1, p. 6).  Plaintiff seeks monetary damages and injunctive relief (Doc. 1, p. 7).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  After carefully considering the allegations, the Court finds that the complaint does not survive review under § 1915A and shall therefore be dismissed.

2

## The Complaint

According to the allegations in the complaint, Plaintiff was denied access to medical care at Pinckneyville, following two unsuccessful brain surgeries that he underwent during his incarceration at Vandalia Correctional Center ("Vandalia") (Doc. 1, p. 6).  In 2012, Plaintiff was diagnosed with two brain abscesses that left him partially paralyzed.  The abscesses allegedly resulted from botched dental work.

Plaintiff underwent emergency surgery on August 16, 2012.  This first surgery was unsuccessful and resulted in seizures.  He underwent a second surgery the following month.  The immediate results of that surgery are not described in the complaint.

Plaintiff transferred to Pinckneyville on January 4, 2013.  Since then, he "has had virtually no treatment" (Doc. 1, p. 6).  He allegedly "suffers from chronic pain, partial paralysis in [his] leg, memory loss and depression"[1]  (Doc. 1, p. 6).  Plaintiff has submitted "numerous requests"[2] to Pinckneyville's health care unit, which Defendants have ignored.  He has also filed "several grievances."[3]

Plaintiff now sues Defendants Godinez, Spiller, Shah, and Rector for violating his right to receive medical care under the Eighth Amendment (Doc. 1, pp. 5-7).  He seeks monetary damages and injunctive relief, including a preliminary and a permanent injunction (Doc. 1, p. 7).

## Discussion

The complaint fails to articulate a colorable Eighth Amendment medical needs claim (**Count 1**) against Defendants.  The Eighth Amendment "imposes a duty on government

---

[1] In support of this allegation, Plaintiff refers to the "attached exhibits."  Some of these exhibits are missing.  The complaint consists of seven pages, which are numbered 1-7 (Doc. 1, pp. 1-7).  The exhibits consist of four pages, which are numbered 19-22 (Doc. 1, pp. 8-11).  Pages 8-18 are not on file with the Court.
[2] The complaint provides no other details about the nature of each request, the person to whom each request was directed, or the response that was given.
[3] None of these grievances were filed with the complaint or described therein.

officials to provide medical care to prisoners." *Townsend v. Cooper*, --- F.3d ---, 2014 WL 3511731 (7th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)).  Prison officials violate the Constitution when they are deliberately indifferent to a prisoner's serious medical needs.  *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Estelle*, 429 U.S. at 104). "A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component.  To satisfy the objective component, a prisoner must demonstrate that his medical condition is 'objectively, sufficiently serious.'"  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  The complaint appears to satisfy this objective standard, by alleging that Plaintiff suffers from untreated pain, depression, memory loss, and paralysis as a result of brain abscesses and two unsuccessful brain surgeries.

The subjective component requires a prisoner to demonstrate that prison officials acted with a "sufficiently culpable state of mind."  *Farmer*, 511 U.S. at 834; *Greeno*, 414 F.3d at 653.  Specifically, the officials "must know of and disregard an excessive risk to inmate health." *Greeno*, 414 F.3d at 653.  They must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference."  *Id.* (quoting *Farmer*, 511 U.S. at 837).  It is the subjective prong that dooms Plaintiff's claim, even at this early stage.

The complaint names four defendants in the case caption and mentions them once in the statement of claim (Doc. 1, pp. 1, 6).  However, no allegations explain what role they each played in depriving Plaintiff of medical care.   Therefore, the Court cannot assess each Defendant's state of mind.  Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)

("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

The allegations are also vague.  Rather than stating, in succinct terms, what each Defendant did to deprive Plaintiff of adequate medical care, the complaint alleges, "Plaintiff has made numerous requests to health care which have been continuously ignored by defendants resulting in several institutional grievances" (Doc. 1, p. 6).  Plaintiff does not describe the "numerous requests" in any detail or include copies of grievances that describe them.  It is therefore unclear who received the requests for treatment, what kind of treatment Plaintiff requested, or how the individual(s) responded.  Defendants cannot respond to these vague allegations.

Under the circumstances, the complaint fails to satisfy the minimal pleading standards set forth under Rule 8 of the Federal Rules of Civil Procedure and *Twombly*.  It does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570 (2007).  Without drawing a connection between particular defendants and specific conduct, the Court cannot assess whether any constitutional violation on the level of deliberate indifference plausibly occurred.

Accordingly, Plaintiff cannot proceed with his claim at this time.  The complaint, which consists only of **Count 1**, shall be dismissed.  However, the dismissal is without prejudice to Plaintiff filing an amended complaint that cures the defects noted in this Order, according to the instructions set forth in the disposition below.  Should Plaintiff seek any sort of immediate relief, such as a temporary restraining order or a preliminary injunction, he must file a separate motion pursuant to Rule 65 of the Federal Rules of Civil Procedure.

**Pending Motions**

Plaintiff has filed a motion for service of process at government expense (Doc. 3) and a motion for recruitment of counsel (Doc. 4), which shall be held in **ABEYANCE** pending the Court's receipt of a First Amended Complaint.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Defendants **GODINEZ, SPILLER, SHAH,** and **RECTOR** are **DISMISSED without prejudice**.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" **on or before September 15, 2014.**  Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions.  He should label the form, "First Amended Complaint," and he should use the case number for *this* action.  The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant.  Plaintiff should attempt to include the facts of his case in chronological order, inserting each Defendant's name where necessary to identify the actors.  Plaintiff should refrain from filing unnecessary exhibits.  Plaintiff should *include only related claims* in his new complaint.  Claims found to be unrelated to the medical needs claim (**Count 1**) will be severed

into new cases, new case numbers will be assigned, and additional filing fees will be assessed. Should Plaintiff seek any sort of immediate relief, such as a temporary restraining order or a preliminary injunction, he must file a separate motion pursuant to Rule 65 of the Federal Rules of Civil Procedure along with his amended complaint or any time thereafter while the action is still pending.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.   The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 11, 2014**

s/ MICHAEL J. REAGAN
United States District Judge