**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JIMMY HOLLINS, # M-26980, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00795-MJR |
| | ) |
| S. A. GODINEZ, | ) |
| THOMAS A. SPILLER, | ) |
| VIPIN K. SHAH, | ) |
| and ANGEL RECTOR, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

This matter comes before the Court for consideration of Plaintiff Jimmy Hollins' first amended complaint.[1] In it, Plaintiff claims that he has been denied adequate medical care for partial paralysis in one leg and memory loss that resulted from two brain surgeries he underwent in 2012. Plaintiff transferred to Pinckneyville Correctional Center ("Pinckneyville") in early 2013 and claims that Pinckneyville officials have responded to his requests for follow-up care with deliberate indifference. Plaintiff now sues four defendants, including S. A. Godinez (Illinois Department of Corrections' ("IDOC") director), Thomas Spiller (Pinckneyville's warden), Vipin Shah (Pinckneyville's medical director), and Angel Rector (Pinckneyville's nurse practitioner), for violating his rights under the Eighth Amendment. Plaintiff seeks monetary damages and injunctive relief.

---

[1] Plaintiff's original complaint (Doc. 1) was dismissed for failure to state a claim upon which relief may be granted on August 11, 2014 (Doc. 7). However, the dismissal was without prejudice, and Plaintiff was granted leave to file an amended complaint on or before September 15, 2014. The amended complaint was filed on that date and is therefore timely.

1

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for preliminary review of the first amended complaint pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  After carefully considering the allegations in light of this standard, the Court finds that the first amended complaint survives preliminary review under Section 1915A.

## First Amended Complaint

According to the first amended complaint, Plaintiff underwent brain surgery twice in 2012, while he was incarcerated at Vandalia Correctional Center ("Vandalia").  Following the two surgeries, he suffered from seizures, chronic pain, partial paralysis in one leg (resulting in a limp), and memory loss.  At the time of his discharge from the hospital following his second brain surgery in September 2012, Plaintiff understood that he would receive extensive and ongoing therapy to address his limp and memory loss.

Plaintiff transferred to Pinckneyville in early 2013.  Despite making several requests for follow-up care, Plaintiff claims that he has still not received medical care or therapy for either of these lingering conditions.  The amended complaint alleges that Plaintiff "made several attempts and request[s] for physical therapy and other treatments [that] he understood were needed to assist with the memory loss and partial paralysis."  However, Defendants Godinez, Spiller, Shah, and Rector allegedly responded to Plaintiff's requests for medical care with deliberate indifference.

Plaintiff still suffers from memory loss and has not yet regained the full range of motion in his leg. The first amended complaint does not address the current status of his seizures or his chronic pain. However, Plaintiff claims to now also suffer from depression.

Plaintiff sues Defendants Godinez, Spiller, Shah, and Rector for violating his right to receive medical care under the Eighth Amendment. He seeks monetary damages and injunctive relief, including a medical evaluation and any other medical care that is necessary for a full recovery.

## Discussion

### Count 1 – Medical Needs Claim

Plaintiff shall be allowed to proceed with an Eighth Amendment deliberate indifference to medical needs claim (**Count 1**) against Defendants Spiller, Shah, and Rector at this time. "A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical condition is 'objectively, sufficiently serious.'" *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component requires a prisoner to demonstrate that prison officials acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *Greeno*, 414 F.3d at 653. Specifically, the officials "must know of and disregard an excessive risk to inmate health." *Greeno*, 414 F.3d at 653.

The Court is persuaded that Plaintiff's partial leg paralysis and memory loss -- not to mention his seizures and pain -- are objectively serious medical conditions. Although less clear, the first amended complaint suggests that Pinckneyville officials, including Defendants Spiller, Shah, and Rector, responded to Plaintiff's numerous requests for follow-up medical care

and therapy with deliberate indifference. After all, the first amended complaint alleges that Plaintiff was denied all access to physical therapy and follow-up care. While the Court takes no position regarding the ultimate merits of this claim, Plaintiff shall be allowed to proceed with Count 1 against Defendants Spiller, Shah, and Rector at this time.

**Dismissal of IDOC Director**

However, Count 1 shall be dismissed against Defendant Godinez. He is the IDOC director. Defendant Godinez has been sued in his individual and official capacities for monetary damages and injunctive relief.

The individual capacity claims against this defendant fail. There is no indication that Defendant Godinez had any personal involvement in care or treatment decisions related to Plaintiff. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Absent any personal involvement in a constitutional violation, the individual capacity claim against Defendant Godinez fails.

Further, the doctrine of *respondeat superior* does not apply to actions filed under Section 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Even so, "[s]upervisory liability will be found . . . if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Doyle v. Camelot Care Centers, Inc.,* 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate

personal involvement). The individual capacity claim against Defendant Godinez fails on this basis as well. No allegations suggest that Defendant Godinez had specific knowledge of any subordinate's care or treatment decisions relating to Plaintiff. Moreover, no allegations suggest that Defendant Godinez created a policy, custom, or practice of denying treatment under such circumstances. Given the allegations, Plaintiff cannot proceed with an individual capacity claim against Defendant Godinez.

The official capacity claim against this defendant also fails. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars official capacity claims for monetary damages. *See Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005).

That leaves Plaintiff's official capacity claim for injunctive relief against Defendant Godinez. Plaintiff has already been allowed to proceed with Count 1 against Pinckneyville's warden, Defendant Spiller. That claim includes a request for injunctive relief. As Pinckneyville's warden, Defendant Spiller is in the best position to carry out any order for injunctive relief. Allowing Plaintiff to proceed against Defendant Godinez on the same basis is therefore unnecessary and redundant.

For the reasons set forth herein, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Spiller, Shah, and Rector. However, this claim shall be dismissed without prejudice against Defendant Godinez.

### Request for Injunctive Relief

In his prayer for relief, Plaintiff mentions a request for "temporary and permanent" injunctive relief. As discussed above, Plaintiff has been allowed to proceed with his

request for permanent injunctive relief. However, he has not filed a separate motion for more immediate relief, in the form of a temporary restraining order or a preliminary injunction under Federal Rule of Civil Procedure 65. He has also failed to provide the Court with a single reason why immediate relief is warranted.

In its initial dismissal order, this Court instructed Plaintiff to file a separate motion that clearly sets forth the relief he seeks, should he wish to obtain a temporary restraining order or a preliminary injunction. Specifically, the Court stated, "Should Plaintiff seek any sort of immediate relief, such as a temporary restraining order or a preliminary injunction, he must file a separate motion pursuant to Rule 65 of the Federal Rules of Civil Procedure" (Doc. 7, p. 5). Once again, Plaintiff has not done so.

Moreover, the first amended complaint sets forth no reason why any sort of urgent relief is warranted. Nearly two years passed between the date of Plaintiff's two brain surgeries and the filing of this action. During that period of time, he describes no deterioration in any of his medical conditions, particularly his limp or memory loss. Instead, he claims that he has not yet fully recovered. Without more, the Court simply cannot conclude that the absence of a full recovery on Plaintiff's part warrants emergency relief at this time. Plaintiff is, of course, free to file a separate motion seeking a temporary restraining order or preliminary injunction under Rule 65 at any time while this action is pending, if it becomes necessary to do so.

### Pending Motions

Plaintiff has filed a motion for service of process at government expense (Doc. 3), which shall be **GRANTED**, in part, as to Defendants **SPILLER, SHAH,** and **RECTOR**, and **DENIED**, in part, as to Defendant **GODINEZ**.

Plaintiff has filed a motion for recruitment of counsel (Doc. 4), which shall be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

Finally, Plaintiff has filed a motion for extension of time to file an amended complaint (Doc. 8), which is **DENIED** as **MOOT**. Plaintiff requested the extension, in order to obtain and review medical records that support his claims before filing his first amended complaint. Plaintiff subsequently filed the first amended complaint, which is both timely and sufficient to survive preliminary review under 28 U.S.C. § 1915A.

### Disposition

The Clerk is **DIRECTED** to file the proposed amended pleading as the "First Amended Complaint."

**IT IS HEREBY ORDERED** that Defendant **GODINEZ** is **DISMISSED** without prejudice from this action.

**IT IS FURTHER ORDERED** that with regard to **COUNT 1**, the Clerk of Court shall prepare for Defendants **SPILLER, SHAH,** and **RECTOR**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ALSO ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the

Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 4).

Further, this entire matter is **REFERRED** to United States Magistrate Judge **Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 2, 2014**

s/ MICHAEL J. REAGAN
**Chief Judge,
United States District Court**